UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENA W., | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 19-CV-0558-CVE-CDL |
| | ) |
| ANDREW M. SAUL, | ) |
| **Commissioner of Social Security** | ) |
| **Administration,** | ) |
| | ) |
|       **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is the report and recommendation of a magistrate judge (Dkt. # 22) recommending that the Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) denying social security benefits to plaintiff. Plaintiff has filed a timely objection (Dkt. # 23) to the report and recommendation. Defendant has filed a response (Dkt. # 24) referring the Court to the arguments in his initial response brief (Dkt. # 15).

**I. BACKGROUND**

Plaintiff submitted an application for disability insurance benefits on January 31, 2017, alleging she had been disabled since November 28, 2016. Dkt. # 10, at 19. Plaintiff's application stated that her ability to work was limited by two herniated discs in her back, non-diabetic neuropathy, hearing issues, and severe headaches. Id. at 243. Plaintiff's claim was denied initially and upon reconsideration. Id. at 19. Plaintiff requested a hearing before an administrative law judge (ALJ), and the hearing was held on December 21, 2018. Id. Plaintiff was represented by counsel at the hearing. Id. After the hearing the ALJ issued a decision detailing the medical records plaintiff

provided, as well as her testimony, her husband's witness statement, and the testimony of a vocational expert (VE). He assessed that information in conjunction with the five step process outlined to assess disability.

In his decision, the ALJ first found that plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset of disability. Id. at 22. Next, at step two of his analysis, the ALJ found plaintiff had four severe impairments–degenerative disc disease of the lumbar spine, peripheral neuropathy in her feet, borderline obesity, and poor hearing–that significantly limited her ability to perform basic work activities. Id. He stated that while plaintiff "testified she has severe headaches," that plaintiff's records "fail to support her allegations of such severe headaches. In fact, the [plaintiff's] magnetic resonance imaging (MRI) of her brain on March 22, 2017 revealed no acute intracranial process, specifically not [sic] findings to suggest etiology of the [plaintiff's] symptomology. As such the [plaintiff's] impairment of headaches would be non-severe." Id. He further noted that "her degenerative disc disease in her cervical spine is considered non-severe" because, while her most recent appointment demonstrated tenderness in her cervical spine, "her Spurling maneuver did not produce radicular pain" and her x-ray from April 11, 2017, demonstrated only mild degenerative disc disease changes in her cervical spine. Id. Accordingly, the ALJ found plaintiff's headaches, and degenerative disc disease of the cervical spine were non-severe. He also listed her carpal tunnel syndrome and depression as non-severe. Id. After noting those impairments, the ALJ found that neither the impairments nor the combination of impairments met or exceeded the requirements to establish an impairment in the Listings of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 24.

After finding that plaintiff did not meet a listed impairment at step three, the ALJ proceeded to step four of the analysis and found that plaintiff had the residual functional capacity (RFC) to:

> lift/carry 20 pounds occasionally and up to 10 pounds frequently. She can sit for at least 6 hours out of an 8-hour workday with normal breaks. [Plaintiff] can stand and/or walk for at least 6 hours out of an 8-hour workday with normal breaks. She no more than frequently stoop [sic]. She should not have to do such things as talk to public or over the phone as part of the work.

Id. In support of his determination, the ALJ summarized the evidence in the record. Id. at 22-30. Prior to detailing plaintiff's medical records, the ALJ stated that office treatment records from "prior to her alleged onset date" (i.e., November 28, 2016) "were considered" but that the evidence was "not pertinent to the period of disability in question." Id. at 26. One such record considered, but "not pertinent," was a medical report dated October 27, 2016. In the report, the doctor indicated that he "suspect[ed] that [plaintiff] has facet generated cervical and lumbar pain with cervicogenic headaches." Id. at 393.

The ALJ then proceeded to analyze plaintiff's "pertinent" records to determine her RFC. In that section, the ALJ reviewed the consistency of plaintiff's complaints of pain and her functional limitations. Id. at 30-31. The analysis predominantly focused on the impairments the ALJ found were severe at step two: plaintiff's lumbar spine degenerative disc disease, peripheral neuropathy, hearing loss, and borderline obesity. He briefly addressed plaintiff's neck pain in this analysis, by stating that "her most recent examination revealed there was not any [Jugular Vein Distention] or thyromegaly [i.e., thyroid enlargement]," and noting that she had a negative Spurling test, a test which indicates plaintiff might not have cervical radiculopathy. Id. at 30. Ultimately, the ALJ determined that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her "statements concerning the intensity, persistence and limiting

3

effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Id. at 30-31.

At steps four and five of the analysis, the ALJ determined that plaintiff could not perform her past relevant work but that there were jobs available in the regional and national economies that plaintiff could perform with her RFC. Id. at 31-33. Based on this finding, the ALJ determined that plaintiff was not disabled. The Appeals Council found no basis to change the ALJ's decision and denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Id. at 5-7. Plaintiff filed this case requesting judicial review of the denial of her claim for benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommends that the Commissioner's decision be affirmed.

## II. LEGAL STANDARD

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. The parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). If a party objects, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

In reviewing an objection to a social security benefits determination, this Court is limited to determining whether the ALJ has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).

4

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Grogan, 399 F.3d at 1261. A court may neither reweigh the evidence nor substitute its judgement for that of the ALJ. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if a court might have reached a different conclusion, the ALJ's decision stands if it is supported by substantial evidence. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

### III. ANALYSIS

Plaintiff objects to the ALJ's decision and magistrate judge's report and recommendation to affirm the ALJ's decision for five reasons. First, plaintiff argues the magistrate judge misstates the standard of review for substantial evidence in her report and recommendation. Dkt. # 23, at 2. Second, plaintiff argues that the magistrate judge erred by finding that any error at step two is harmless as long as the ALJ found at least one impairment qualifies as severe. Id. at 3. Third, plaintiff argues the magistrate judge erred by finding that the ALJ's development of the record was adequate. Id. at 4-6. Fourth, plaintiff argues that the magistrate judge erred by using post hoc rationalization to uphold the ALJ's decision to discount certain evidence. Id. at 7. Fifth, plaintiff argues the ALJ and magistrate judge both improperly cherry-picked facts when engaging in and reviewing the consistency analysis, respectively, ultimately miscasting the evidence. Id. at 7-8.

## A. Substantial Evidence Standard of Review

First plaintiff argues that the magistrate judge's "description of the standard of review is in error." Id. at 2. Plaintiff states that "[s]ubstantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019)) (internal quotation marks omitted). The Court agrees that this is the appropriate standard. However it disagrees with plaintiff that the magistrate judge erred in her description of the standard when, in fact, the magistrate judge quoted that sentence in its entirety. Dkt. # 22, at 2. The Court struggles to comprehend how, by stating that exact quote in her opinion, the magistrate judge mischaracterized the standard of review and plaintiff's brief fails to clarify it for the Court. As such, this argument is without merit and does not raise a valid objection.[1]

## B. Step-Two Disability Analysis

Second, plaintiff argues "[t]he effects of all impairments should be considered throughout the disability determination, . . . failure to consider all of [plaintiff's] impairments is reversible error," and that the ALJ failed to consider certain impairments severe at step two of the analysis. Dkt. # 23, at 4. In essence, plaintiff argues that a determination that any impairment is not severe at step two is reversible error. It is not. As the magistrate judge notes, in Allman v. Colvin, 813 F.3d 1326 (10th Cir. 2016), the Tenth Circuit clearly states that as long as the ALJ finds one

---

[1] The Court notes that it is not clear from plaintiff's brief how the rest of her argument supports the first statement of this section of her brief. However, to the extent this section of plaintiff's brief attempts to state the ALJ failed to fulfill his "duty . . . to consider the entire record properly and to follow the required legal standards in evaluating a claim" and that the magistrate judge failed to properly determine "whether the ALJ's ruling is supported by substantial evidence . . . based upon the record taken as a whole," the Court finds plaintiff's argument is related to plaintiff's fifth objection, and so it will address it infra. Dkt. # 23, at 3.

impairment is severe at step two, finding that others are not severe is not reversible error. Dkt. # 22, at 16. Specifically, the Allman court held:

> A claimant must make only a de minimis showing to advance beyond step two. Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004). To that end, a claimant need only establish, and an ALJ need only find, one severe impairment. See Oldham v. Astrue, 509 F.3d 1254, 1256–57 (10th Cir. 2007) (noting that, for step two, the ALJ explicitly found that the claimant "suffered from severe impairments," which "was all the ALJ was required to do"). The reason is grounded in the Commissioner's regulation describing step two, which states: "If you do not have a severe medically determinable physical or mental impairment . . . or a combination of impairments that is severe . . ., we will find that you are not disabled." 20 C.F.R. § 404.1520(a)(4)(ii). . . . By its plain terms, the regulation requires a claimant to show only "a severe" impairment—that is, one severe impairment—to avoid a denial of benefits at step two. Id. (emphasis added). As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.

813 F.3d at 1330. In the ALJ's decision, he found plaintiff had four severe impairments and did not deny that plaintiff was disabled at this step. Dkt. # 10, at 22. As more than one severe impairment was found and the ALJ proceeded in his analysis, it is evident that no reversible error occurred at step two. Accordingly, this objection is without merit.

### C. Failure to Develop the Record

Third, plaintiff argues the magistrate judge erred by finding that the ALJ adequately developed the record. Dkt. # 23, at 4-6. Plaintiff argues that the ALJ failed to explore the full extent of her physical impairments with formal testing even though plaintiff's evidence established the "reasonable possibility" that a new consultative examination could "reasonably be expected to be of material assistance in resolving the issue of disability." Id. at 6 (quoting Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997)). Specifically, plaintiff states the "ALJ failed to correctly identify [plaintiff's] RFC in terms of the need for frequent rest breaks and missed days caused by headaches,

7

pain, and fatigue due to [plaintiff's] neck and back disorders, neuropathy, medication side effects, and depression." Id. at 5. Further, plaintiff states "[n]eck disorders that cause migraine headaches can have a significant impact on the ability to maintain work attendance" and that plaintiff "demonstrated more than a 'mere presence' of headache pain, which the ALJ failed to properly evaluate and consider." Id.

"The claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007). Thereafter, "the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Wall v. Astrue, 561 F.3d 1048, 1063 (10th Cir. 2009) (quoting Flaherty, 515 F.3d at 1071). "The duty to develop the record is limited to 'fully and fairly develop[ing] the record as to material issues.'" Hawkins, 113 F.3d at 1168 (quoting Baca v. Department of Health & Human Servs., 5 F.3d 476, 479–80 (10th Cir. 1993)). "It would not be reasonable, however, to expect a claimant to demonstrate that evidence from a consultative examination, which has yet to be administered, would necessarily be dispositive." Id. at 1169. "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." Id. Thus, the relevant question before this Court is whether the plaintiff met her burden to insure there was sufficient evidence in the record to establish a reasonable possibility that a disability exists and that a consultative exam would be of material assistance in resolving the issue of disability.

Plaintiff points to two main medical opinions as evidence that a consultative exam would be of material assistance in resolving the issue of disability: the doctor's medical opinion dated October

8

27, 2016 hypothesizing that plaintiff's headaches are linked to her cervical spine, and a doctor's note dated August 10, 2018 recommending plaintiff receive an MRI of her cervical spine.[2] Specifically, plaintiff argues the ALJ ignored, or alternately rejected without explanation, the October 2016 medical record suggesting that her headaches are cervicogenic (i.e. related to the cervical spine) in origin because the report was created prior to the date of disability onset.[3] Dkt. ## 23, at 4; 22, at 17. Plaintiff also urges she "showed evidence of [cervical] spinal problems" by including a doctor's report dated August 10, 2018, stating an MRI of the cervical spine would be helpful in determining whether any particular treatments might alleviate plaintiff's pain. Dkt. # 23, at 9. After reviewing the record and the decisions of the ALJ and magistrate judge, the Court finds this argument has merit.

---

[2] In August 2018, a doctor–who assessed plaintiff with "chronic neck pain" and "moderate facet line tenderness in her cervical" region–explained to the patient that he "underst[ood] that an MRI of the cervical spine may be cost prohibitive" but "recommended that she look into different insurance carriers to see if she is able to afford insurance coverage," as he "believe[d] she would benefit from an MRI of the cervical spine." Dkt. # 10, at 473. He found that plaintiff "may benefit from interventional treatment, but without additional information, I am unable to say for sure." Id. This portion of the medical opinion was not discussed in the ALJ's decision. Dkt. # 22, at 19-20.

[3] The magistrate judge correctly stated that "[t]o the extent the ALJ rejected [the October 2016] opinion solely because it predated Plaintiff's alleged disability onset date, it was legal error as remoteness in time alone is not a proper reason for rejecting an opinion. Dkt # 22, at 18 (citing Hamlin v. Barnhart, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004), and Lackey v. Barnhart, 127 F. App'x 455, 458-59 (10th Cir. 2005) (unpublished) ("No authority is cited for the proposition that medical reports prior to the operative onset date are categorically irrelevant and, indeed, our precedent is to the contrary."). However, the ALJ's refusal to consider those statements pertinent in light of other, later opinions suggesting further investigation into the cervical spine is concerning.

Plaintiff's complaints were, at least in part, supported by medical diagnoses;[4] however, a district court's disagreement with the manner in which the ALJ weighed those diagnoses or considered them in conjunction with plaintiff's symptoms would not warrant remand. Bowman, 511 F.3d at 1272. Here, the main issue is whether an additional examination would prove useful to the assessment of disability. In this case, the Court finds it would, especially where the ALJ used the absence of objective medical evidence as the predominant reason for discrediting the severity of plaintiff's pain and claimed limitations.

In the ALJ's decision, he relied on a lack of supporting medical evidence as to the cause of the headaches or neck pain when deciding to discount plaintiff's stated pain and mobility limitations. See Dkt. # 10, at 22 (finding that while plaintiff "testified she has severe headaches," that plaintiff's "record[s] fail to support her allegations of such severe headaches" and finding an MRI of the brain that indicated no abnormalities to be conclusive); see also id. (finding that "her degenerative disc disease in her cervical spine is considered non-severe" because, even where her most recent appointment demonstrated tenderness of the cervical spine, "her Spurling maneuver did not produce radicular pain" and her cervical spine x-ray demonstrated only mild degenerative disc disease changes). While it is true that "the failure to find plaintiff's alleged cervical spine disease severe based on . . . [the] August 2018 opinion was not reversible error," (Dkt. # 22, at 20) it is error to discredit plaintiff's medical issues based on the absence of evidence requested in that report. This is especially true where such evidence could serve to affirm or discredit plaintiff's claims of severe

---

[4] See, e.g., Dkt. # 10, at 26-27 (x-ray taken of plaintiff's cervical spine showed mild degenerative disc disease changes of at C5-6 and C6-7); id. at 27 (a doctor diagnosed plaintiff with cervical spondylosis without myelopathy).

headaches or neck pain, and where plaintiff did not provide such evidence because of financial constraints. Chater, 113 F.3d at 1169.[5]

In short, relying on the absence of evidence that stemmed from the ALJ's own failure to order an MRI of plaintiff's cervical spine (an area relevant to two claimed impairments), as recommended by one of plaintiff's doctors, is error.[6] Because the record was not adequately developed as to plaintiff's headaches and neck pain, questions remain as to whether his evaluations of those impairments were accurate. Accordingly, the case must be remanded to further develop the record as to those issues. Additionally, because the ALJ did not fully develop the record with respect to plaintiff's neck pain and headaches, the Court finds it is not necessary to address plaintiff's fourth and fifth objections as the ALJ will need to reevaluate plaintiff's request in light of any new evidence.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 22) is **rejected**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **reversed and remanded for further administrative proceedings**. A separate judgment is entered herewith.

---

[5] In evaluating plaintiff's initial objection to the ALJ's decision, the magistrate judge stated that "[p]laintiff has not pointed out any objective medical evidence or medical opinion evidence in the record indicating that her neck pain or her headaches, to the extent they may be related to her cervical spine condition, limit her beyond the RFC determination. Dkt. # 22, at 20 (citing Hendron v. Colvin, 767 F.3d 951, 955 (10th Cir. 2014)). After so stating, the magistrate conclude that "[a]ccordingly, [p]laintiff has not met her burden to show that these comments are significantly probative." Id. However, this conclusion fails for the same reason. The magistrate judge relied on plaintiff's failure to produce objective evidence.

[6] The Court also notes the ALJ did not discuss the doctor's recommendation of cervical facet injections or that a similar treatment was recommended for plaintiff's degenerative disc disease of the lumbar spine, a condition that was confirmed via MRI and that the ALJ listed as severe.

**DATED** this 12th day of February, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE
